IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jayson Christopher Tyler, #145936,<br><br>      Plaintiff,<br><br>  vs.<br><br>Deborah Hipp (Medical Director);<br>and Tom Fox (Jail Director),<br><br>      Defendants. | Civil Action No. 6:05-0483-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his complaint, the plaintiff, who is proceeding *pro se*, alleges civil rights violations while he was held as a pretrial detainee at the J. Reuben Long Detention Center[1] in Conway, South Carolina. The plaintiff named as defendants Deborah Hipp, the medical director of the detention center, and Tom Fox, the director of the detention center.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed his complaint on February 23, 2005, alleging that the defendants violated his constitutional rights. On September 30, 2005, the defendants filed a motion for summary judgment. By order filed October 3, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment

---

[1]The plaintiff is now an inmate at Kirkland Correctional Institution.

dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motion on December 8, 2005. On May 15, 2006, the defendants filed a reply to this court's request for clarification on the issue of the "pre pay policy."

## **FACTS PRESENTED**

The plaintiff alleged in his complaint that the defendants were deliberately indifferent to his need for different medications and outside medical treatment for his severe hypertension. He claims that he had visual problems and swelling in his leg because of his extremely high blood pressure. The defendants submitted the plaintiff's entire medical record, containing over 100 pages of nurse and physician notes, lab records, and prescription logs (def. m.s.j., att. 3-4). The plaintiff's medical record shows that the detention center's medical staff often saw the plaintiff several times a day for blood pressure checks.

In late June and early July 2004, the plaintiff was hospitalized at the Conway Medical Center for accelerated hypertension. When he was brought in to the emergency room on June 29, 2004, his urine screen was positive for cocaine. On July 6, 2004, his physician noted that while the plaintiff was on several anti-hypertensive regimens, there had been no change in his blood pressure control. The plaintiff's room was searched to see if he was actually taking the prescribed medications. The nurses found a number of pills in the plaintiff's bed and in the trash can, which the physician stated confirmed "his initial suspicion that [the plaintiff was] not taking medications and trying to use it as an excuse to stay longer in the hospital and also so that he [could] receive his pain medication [Demorol and Morphine]" (def. m.s.j., att. 4, pp. 50-51). Shortly after his discharge from the hospital and return to the detention center, the plaintiff refused his blood pressure checks and medications for several days (def. m.s.j., att. 3, pp. 6-8). The plaintiff filled out numerous

medical request forms during his stay at the detention center, and it appears that on each occasion the plaintiff was seen by a nurse and the problem was addressed (def. m.s.j., att. 3, pp. 20-60).

In a letter dated October 7, 2004, the plaintiff complained that he was in hypertensive crisis and that the medications he had been prescribed were not working. He asked for an appointment with a "specialist in the field of hypertension." He further complained that the detention center's policy of requiring prepayment for outside medical services was unfair and that his "quality of life should not be held below those who [could] afford such a specialist" (pl. resp. m.s.j., ex. C).

The defendants submitted the affidavit of defendant Fox, who testified that there is no written pre-pay policy utilized by the detention center. He further testified:

> All medical decisions are left in the sole discretion of the nurse practitioner, Deborah Hipp. Should an inmate require treatment which cannot be handled in the facility, or require urgent care beyond the expertise of our facility, nurse Hipp will make outside referrals on a case by case basis, with no regard given to whether or not the inmate has the ability to pay for same. Should nurse Hipp make the decision that the inmate can be treated within the facility, yet the inmate insists that outside services be provided, at that point, the inmate would be required to pre-pay for medical services and can see any physician of his choice.

(Fox aff. ¶ 4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.  Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

4

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a

Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff has shown that he had a serious medical need. However, he has failed to show that the defendants were deliberately indifferent to his need. The evidence shows that the plaintiff's blood pressure was consistently monitored by the detention center's medical staff. Further, despite the plaintiff's contention that he was not allowed to see an outside medical source, the plaintiff was seen at the Conway Hospital Emergency Room when he needed urgent care. The plaintiff's medical records show that while he was at the Conway Hospital he did not take his blood pressure medications as instructed. The doctor was of the opinion the plaintiff was attempting to prolong his stay at the hospital in order to get pain medication.

The plaintiff's medical records further show that while at the detention center he often refused blood pressure checks and medications. Director Fox testified that an inmate is required to pre-pay for medical services only when the inmate insists that outside services be provided despite the nurse practitioner's belief that the inmate can be treated within the facility. The evidence presented indicates that the detention center's medical staff made every attempt to treat the plaintiff's hypertension, despite his unwillingness to let them do so. Disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright,* 766 F.2d at 849. Based upon the foregoing, the plaintiff has failed to show that the actions and/or policies of the defendants violated his constitutional rights.

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims. *See* 28 U.S.C. §1367(c).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

May 25, 2006

Greenville, South Carolina